IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAMES MORROW, ET AL., *and a Proposed* § <br> *Class of Other Similarly Situated Persons*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> CITY OF TENAHA DEPUTY CITY § <br> MARSHAL BARRY WASHINGTON, § <br> ET.AL, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:08-CV-288 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Washington's and Bowers' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and § 1406(a). (D.I. # 15). After carefully considering the submissions of the parties and the applicable law, the court DENIES the motion for the reasons expressed below.

**I.    Background**

Eight named plaintiffs bring this action against five law enforcement officers and the mayor of Tenaha. The plaintiffs allege that the officers stopped the plaintiffs in traffic because of their race or ethnicity, and unreasonably seized their money or property in violation of their constitutional rights. The plaintiffs allege there is a widespread pattern and practice of doing so in the city of Tenaha.

## II. Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

1. **Plaintiff's Choice of Forum**

In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.* In this case, Plaintiffs are residents of the Eastern District of Texas and they chose to bring its suit in the Marshall Division of the Eastern District of Texas. When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue. *Id.* at 312. Here, the issue is not whether the Court needs to give deference to plaintiffs' choice of the district in which they filed the case. The defendants, however, contest that this division is a proper venue for this case. The defendants misread the law. All divisions in the Eastern District of Texas are proper venues in this case. 28 U.S.C. § 1391

The venue statute 28 U.S.C. § 1391(a) no longer contains a divisional filing requirement. 28 U.S.C. § 1393, which required suit to be brought in a particular division within a district, was repealed November 19, 1988. *See Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993) ("When 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100-702, the concept of divisional venue disappeared."); *see also* David D. Siegel, Changes to Federal Jurisdiction and Practice Under the New Federal Judicial

IMPROVEMENT AND ACCESS TO JUSTICE ACT, 123 F.R.D. 399, 405-408 (1989) (commenting that the statute had played little role even in states that had districts broken down into divisions)). The Court also notes that the Federal Rules allow significant discretion to district courts in deciding the place of trial, so long as it within the same district, even without the consent of the parties. *See* Fed. R. Civ. P. 77(b) ("[N]o hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby."); *Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp. 2d 1123, 1126 (N.D. Iowa 2000) ("Court could be held at any courthouse within the district even without the consent of the parties"). Therefore, as courts in this district have held before, both the venue statute as well as the Federal Rules logically suggest that district courts should view Section 1404(a) motions for intra-district change of venue with more caution.[1] *Rios v. Scott*, No. 1:02-CV-136, 2002 WL 32075775, at *4 (E.D. Tex. July 13, 2002).

**2.  Other Private Interest Factors**

The convenience of the parties and witnesses and cost of attendance for witnesses is a factor to be considered in this case. The defendants make broad assertions that none of the parties or likely witnesses reside in Marshall, but they do reside in the Lufkin Division. It is well settled that the movant bears the burden of showing why a transfer of venue under §1404(a) is

---

[1] The Section 1404(a) analysis remains the same regardless of whether the party moves for an inter-district or intra-district transfer. *See Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The Court does not suggest that any of the factors to be considered in deciding on an intra-district motion are different under Section 1404(a). Instead, the Court here determines its discretion as well the appropriate deference to be given to the plaintiffs' choice as part of movant's "good cause" burden mandated by the Fifth Circuit. *In re Volkswagen of America*, 545 F.3d at 315.

warranted. The defendants have made no showing why Marshall is an inconvenient forum for the parties or witnesses.

The relative ease of access to sources of proof and the availability of compulsory process to secure the attendance of witnesses are also relevant factors for the court to consider. The defendants have made no mention of these factors, let alone carried their burden of proving that they weigh in favor of a transfer.

**3.     Public Interest Factors**

The defendants have not argued any of the public interest factors weigh in favor of transfer. The defendants have failed to meet their burden to show that a transfer is warranted based on the public interest factors.

**III.    Conclusion**

The Court finds that the defendant has failed to meet its burden to show that a venue transfer is warranted under the current law. Additionally, the Marshall Division is a proper forum for this case. The defendants' Motion, therefore, is DENIED.

SIGNED this 11th day of December, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE