# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JAMES MORROW, ET AL., *and a Proposed Class of Other Similarly Situated Persons*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TENAHA DEPUTY CITY MARSHAL BARRY WASHINGTON, ET.AL, <br><br> Defendants. | CIVIL ACTION NO. 2:08-CV-288 |

## MEMORANDUM OPINION AND ORDER

Before the Court are Named Plaintiffs James Murrow and others' Notice of Definition of Proposed Class (Dkt. No. 45) and a Notice of their Position Regarding Scope of Pre-certification Discovery (Dkt. No. 64). Named plaintiffs in this case seek to certify a class of members of racial or ethnic minority groups who have been stopped, detained, arrested, questioned or searched by one or more of the Defendants without legal justification. Defendants have responded to both these Notices (Dkt. Nos. 78, 79). Defendants oppose class certification in this case and argue that the plaintiffs should be required proceed individually with their cases.

Also before the Court, are various Motions to Compel Discovery filed by the plaintiffs as well as the defendants. (Dkt. Nos. 47, 55, 57, 59). These motions are related to the disputes between the parties regarding the scope of pre-certification discovery in this case. The Court held a hearing on the motions pending before the Court and the issue of class certification. The Court issues this order to memorialize its rulings to the parties.

**I. Background**

Eight named plaintiffs bring this action against five law enforcement officers and the

mayor of Tenaha. The plaintiffs allege that the officers stopped the plaintiffs in traffic because of their race or ethnicity, and unreasonably seized their money or property in violation of their constitutional rights. The plaintiffs allege there is a widespread pattern and practice of doing so in the city of Tenaha.

## II. Class Definition

Plaintiff seeks certification of a Rule 23 class of all persons who were stopped, detained or arrested by the defendants without legal justification. Defendants respond arguing that the proposed class requires an individual analysis of each claim to determine whether a search or seizure is "unreasonable" and in violation of the Fourth Amendment. These would include individual determinations such as whether the initial stop was justified, whether the detention was extended beyond its legitimate initial purpose, and whether contraband was found and seized. Further, defendants argue, the proposed class requires the Court to determine if defendants are entitled to qualified immunity in each of the individual cases. Defendants argue that plaintiffs cannot meet the prerequisites of Rule 23(b)(3) under their proposed class definition.

The Court agrees with the defendants. However, Rule 23(b)(2) provides for certification of a class against a defendant who has acted or refused to act on grounds that apply generally to the class, and where final injunctive relief is appropriate respecting the class as a whole. *See* Fed. R. Civ. P. 23(b)(2). Given the nature of plaintiffs' allegations and the type of injunctive relief that will be sought by the class plaintiffs, the Court finds that a 23(b)(2) class could be certified in this case. *See Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101 (5th Cir. 1993) (remanding the case to the district court with instructions to certify the requested (b)(2) class

where plaintiffs had only sought injunctive relief). In *Forbush*, the Court noted that the absence of a claim for money damages eliminates the need for individualized assessments of liability and harm, thereby allowing certification of a class. *Id.*; *see also Weiss v. York Hosp.*, 745 F.2d 786, 811 (3d Cir.1984) (finding that a Rule 23(b)(2) certification is especially appropriate where a plaintiff seeks injunctive relief against discriminatory practices by a defendant).

Plaintiffs propose that the Court certify the following class:

1. People who are, or appeared to be, members of racial or ethnic minority groups and those in their company, and
2. Were traveling in, through or near Tenaha since July 27, 2006, and
3. Were stopped and detained and/or arrested by one or more of the Defendants without legal justification, and/or
4. Were questioned and/or their vehicle was searched by one or more Defendant, without legal justification, to find valuable property or money; and
5. The Defendants then seize valuable property and money from some, but not all, of the members of the proposed class.

Defendants oppose certification of a class in this case and have not proposed any class definition. The Fifth Circuit has held that the existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23. *See John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443, 445, n. 3 (5th Cir. 2007) ("It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable" quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).

Plaintiffs' proposed class definition, based on "legal justification" is insufficient because goes to the merits of the individual members' claims. This definition would be insufficient, in that it would require the Court to determine whether a person had been stopped, detained, arrested, questioned or searched "without legal justification" in order to even determine whether

3

that person was a class member. The Supreme Court has specifically prohibited a court from passing on the merits of a claim at the class certification stage. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *see also Crosby v. Social Sec. Admin.*, 796 F.2d 576, 580 (1st Cir. 1986) (explaining that a class definition should be based on objective criteria so that class members may be identified without individualized fact finding); 5 James Wm. Moore et al., Moore's Federal Practice ¶ 23.21[3][c] (3d ed.2007) (explaining that "[a] class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class").

The Court, therefore, modifies plaintiffs' proposed class definition as follows:

1. People who are, or appeared to be, members of racial or ethnic minority groups and those in their company, and
2. Were traveling in, through or near Tenaha since July 27, 2006, and
3. Were stopped and detained and/or arrested by one or more of the Defendants without an articulable suspicion of criminal activity, and/or
4. Were questioned and/or their vehicle was searched by one or more Defendant, without an articulable suspicion of criminal activity, to find valuable property or money.

*See Daniels v. City of New York*, 198 F.R.D. 409, 412 (S.D.N.Y. 2001) (certifying a similar class with a definition based on "the absence of the reasonable articulable suspicion of criminal activity"). The case will proceed to class certification stage in accordance with the Court's Docket Control Order (Dkt. No. 71) and this Court's Local Rules.

### III. Discovery Disputes

The Court has advised the parties on the scope of pre-certification discovery in accord with the class definition adopted by the Court. The Court has also ruled on the parties' motions to compel. Plaintiffs' motion to compel is GRANTED in part. (Dkt. No. 55). The defendants shall make the requested videos available to the plaintiffs. All related videos from the date July

4

27, 2006 shall be made available to the plaintiffs. Furthermore, the Court has ordered the defendants that any racial profiling documents maintained by the defendants should be produced to the plaintiffs.

With regard to defendants' motion to compel, the Court GRANTED the motion in part. (Dkt. No. 59). Of the enumerated items that defendants request, the Court grants defendants request on items 1-6, 10 and 11. The Court denies the remaining items. Plaintiffs shall produce these documents and information to the defendants. However, the plaintiffs are not required to produce any documents that are not readily available to them.

It is so ORDERED.

SIGNED this 20th day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE