# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JAMES MORROW, and a Proposed Class of Other Similarly Situated Persons §§§§§§§§§ Plaintiffs, <br> v. <br> CITY OF TENAHA DEPUTY CITY MARSHAL BARRY WASHINGTON, et al <br> Defendants. | CIVIL ACTION NO. 2-08-cv-288-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Randy Whatley's Motion for Partial Protection and Objections to Notice of Deposition on Behalf of Randy Whatley, in His Official Capacity (Dkt. No. 155). In his motion, Defendant Randy Whatley ("Whatley") objects to certain topics listed in Plaintiffs' 30(b)(6) notice of Shelby County as irrelevant and requests that the Court enter an order limiting Plaintiffs' inquiry to information known or reasonably available to Shelby County and preventing Plaintiffs from seeking information from Shelby County that is uniquely within the knowledge of the constable or other named defendants or unnamed third party law enforcement officers. Having considered the parties' briefing and the applicable law, the Court is of the opinion that the motion should be DENIED.

**I.     Background**

Plaintiffs bring this action against five law enforcement officers and the mayor of Tenaha. Tenaha is located in Shelby County, Texas. The Plaintiffs allege that the officers stopped the Plaintiffs in traffic because of their race or ethnicity and unreasonably seized their money or property in violation of their constitutional rights. The Plaintiffs further allege that there is a

1

widespread pattern and practice of doing so in the city of Tenaha.

Plaintiffs sued Defendant Whatley in both his individual capacity and in his official capacity as Shelby County Precinct 4 Constable. On May 13, 2010, Plaintiffs filed a notice of deposition of Shelby County or its designee pursuant to Federal Rule of Civil Procedure 30(b)(6). The deposition notice contained 13 topics to be covered in the deposition. The parties agreed to a handful of the listed deposition topics, but Whatley, in his official capacity, filed a motion for protection on behalf of Shelby County objecting to the following noticed deposition topics:

- Shelby County's policies and practices regarding traffic stops and subsequent searches, seizures, and forfeitures, including the rationale for creating those policies and practices;
- Shelby County's efforts to comply with laws, rules, and regulations regarding racial profiling;
- Shelby County's efforts to comply with laws, rules, and regulations regarding civil forfeiture;
- Shelby County's treatment of Plaintiffs and members of the proposed class;
- the number and identity of the members of the proposed class;
- the reasons for traffic stops and articulable suspicion of criminal activity for members of the proposed class;
- the use, training, certification, and performance records of the dogs used during the stops, detentions, or searches of members of the proposed class; and
- the results of any criminal or civil actions resulting from the stops at issue.

Whatley's objections are based on the argument that Shelby County is not a proper party to the litigation, and thus its testimony on these topics is irrelevant, burdensome, and harassing.

Specifically, Whatley argues that constables are not policy making officials of counties such that their actions can subject the county to liability. Accordingly, Whatley claims that the disputed deposition topics are irrelevant, burdensome, and harassing when addressed to Shelby County because they involve matters that are clearly a part of the duties of the constable's office, and thus uniquely within the knowledge of the constable or other law enforcement officials, and not subject to oversight or control by the County. Whatley also argues that some of the deposition topics are outside the scope of class discovery because they address not only named Plaintiffs, but members of the proposed class. Plaintiffs contend that the information sought in the deposition notice is relevant and that whether or not Shelby County is a proper defendant in the lawsuit is immaterial because Federal Rule of Civil Procedure 30(b)(6) authorizes the deposition of "a governmental agency or other entity" without any requirement that the entity be a party to the lawsuit. Plaintiffs also argue that regardless of whether Whatley is a policy making official of Shelby County, his actions can still subject the county to liability if he acted pursuant to an officially adopted policy or widespread custom of the county.

## II. Analysis

Generally, a party may seek discovery of any relevant, non-privileged information. FED.R.CIV.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear[] reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). However, Federal Rule of Civil Procedure 26(b)(1) authorizes the Court to issue an order upon a showing of good cause to protect

3

a party from annoyance, embarrassment, oppression, or undue burden or expense. FED.R.CIV.P. 26(c)(1). "[T]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)).

The majority of both Whatley's motion for protection and Plaintiffs' response focus on whether or not Whatley, as Shelby County Precinct 4 Constable, is a policy-making official for Shelby County such that his actions and decisions subject the county to liability. However, the Court need not reach this issue to decide Whatley's motion for protection. The question of whether Shelby County is liable for Whatley's actions is a separate question from whether Shelby County has relevant information regarding the subject matter of this case. The fact that Shelby County may not be liable for Whatley's actions as constable does not shield Shelby County from its discovery duties to offer relevant testimony regarding the county's policies, procedures, compliance with laws, and treatment of members of the proposed class. Federal Rule of Civil Procedure 30(b)(6) authorizes Plaintiffs to take the deposition of Shelby County on topics reasonably within its knowledge and relevant to the subject matter of the case regardless of whether Shelby County is a party to the case. FED.R.CIV.P. 30(b)(6). The noticed deposition topics are relevant to Plaintiffs' claims in this case and issues of class certification, and Shelby County may not escape discovery on these topics regardless of whether the county itself is a party to the litigation or ultimately liable for Whatley's actions.

The fact that Shelby County may not be liable for Whatley's actions does not necessarily mean that the county does not have knowledge of those actions or the related actions of other

county employees. In fact, Federal Rule of Civil Procedure Rule 30(b)(6) is designed "to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and *thus to the organization itself.*" *Brazos River Authority v. GE*, 469 F.3d 416, 432-33 (5th Cir. 2005) (emphasis added) (quoting 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2103, at 33 (2d ed. 1994); *see also Function Media, L.L.C. v. Google, Inc.*, 2010 WL 276093, at * 1 ("The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources"). Therefore, the fact that Whatley and other county employees have knowledge of the information requested in the noticed deposition topics means that such information is reasonably available to Shelby County. Shelby County, thus, cannot avoid providing testimony on the noticed deposition topics.

Furthermore, the Court is not persuaded that whether or not Whatley is a policy-making official of Shelby County is the sole question that will determine Shelby County's liability for Whatley's alleged actions. A county is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to "official policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984) (en banc) (denying reh'g with opinion), *cert denied* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); *see also Estate of Shane G. Sorrells v. City of Dallas*, 45 Fed.Appx. 325 (5th Cir. 2002). An official policy is defined as (1) "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the

5

municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority" or (2) "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id*. With regard to the second type of official policy, "actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Id*. Thus, even if Whatley is not a policy-making official of Shelby County, his actions could still subject the county to liability if they were part of a persistent, widespread practice that is so common as to constitute a custom that fairly represents Shelby County's policy. Shelby County's policies, practices, and procedures that are the focus of the noticed deposition topics are, consequently, especially relevant and discoverable.

Finally, the Court is not persuaded by Whatley's arguments that some of the deposition topics are outside the scope of class discovery because they address not only named Plaintiffs but members of the proposed class. This is precisely what class discovery is intended to cover. The purpose of limited discovery before the class certification hearing is to allow the parties to explore the facts that support or counsel against class certification. Thus, class certification discovery is not limited to named plaintiffs—which would defeat the purpose of class certification discovery—but to facts that are relevant to class certification issues. Although the Plaintiffs are not entitled to discover all of the intricacies of the merits of absent class members' claims, some overlap between merits discovery and class discovery is inevitable. The Plaintiffs are entitled to learn, for example, whether and to what extent the class members were treated similarly to one another. This would include, at a minimum, whether and to what extent the reasons for traffic

stops and/or the articulable suspicion of criminal activity varied from class member to class member. The noticed deposition topics at issue are related to class certification issues and are, therefore, relevant and discoverable.

### III. Conclusion

For the reasons set forth above, the Court hereby DENIES Whatley's Motion for Partial Protection and Objections to Notice of Deposition on Behalf of Randy Whatley, in his Official Capacity (Dkt. No. 155).

IT IS SO ORDERED.

SIGNED this 7th day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE