**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JAMES MORROW, and a Proposed Class of | § | |
| Other Similarly Situated Persons | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2-08-cv-288-TJW |
| v. | § | |
| | § | |
| CITY OF TENAHA DEPUTY CITY | § | |
| MARSHAL BARRY WASHINGTON, et al | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Lynda K. Russell's Second Opposed Motion for Protection Re: Staying Discovery Directed Toward Her (Dkt. No. 167) and Defendant Danny Green's Second Motion for Protection to Stay Discovery Directed Toward Him (Dkt. No. 169). In their motions, defendants Russell and Green request that the Court stay discovery directed towards them in this case, including but not limited to the taking of Russell's deposition currently noticed for August 3, 2010 and the taking of Green's deposition currently noticed for August 4, 2010. The Court held a hearing on these motions on July 30, 2010. Having considered the parties' briefing, the arguments at the hearing, and the applicable law, the Court is of the opinion that the motions should be DENIED.

### I.    Background

Plaintiffs bring this class action suit against five law enforcement officers and the mayor of Tenaha. Tenaha is located in Shelby County, Texas. The plaintiffs allege that the officers stopped the plaintiffs in traffic because of their race or ethnicity and unreasonably seized their

money or property in violation of their constitutional rights. The plaintiffs further allege that there is a widespread pattern and practice of doing so in the city of Tenaha.

Plaintiffs sued, among others, Shelby County District Attorney Lynda K. Russell in her individual and official capacity and Shelby County District Attorney Investigator Danny Green in his individual capacity. On March 3, 2010, Defendant Russell filed an opposed motion for protection requesting that the Court stay or abate all discovery directed towards Russell pending resolution of certain criminal investigations (Dkt. No. 123). On March 31, 2010, Defendant Green filed a similar opposed motion for protection requesting that the Court stay or abate all discovery directed towards him pending the resolution of certain criminal investigations (Dkt. No. 134). After a hearing on the motions on April 15, 2010, the Court granted both motions and ordered a limited stay of discovery only as to defendants Russell and Green for a period of 90 days (Dkt. No. 149). That 90 day stay expired on July 14, 2010, and defendants Russell and Green now seek a further stay of discovery directed towards them.

## II. Analysis

The Supreme Court has established that there exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously. *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981) (citing *United States v. Kordel*, 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970)). Thus, whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather, one of court discretion, that should be exercised when the interests of justice so require. *Kordel*, 397 U.S. at 12 n. 27. A district court's discretionary authority to stay proceedings stems from its inherent authority to control the

disposition of the cases on its own docket "with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also Alcala v. Texas Web County*, 625 F.Supp.2d 391, 396 (S.D. Tex. 2009). However, "[i]t is the rule, rather than the exception that civil and criminal cases proceed together." *Alcala*, 625 F.Supp.2d at 397 (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 761 (W.D. Tex. 2008)).   In civil cases, there is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming this presumption.  *Id.* at 397-98; *see also Fresenius Medical*, 571 F.Supp.2d at 761; *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997).

The Fifth Circuit has advised that in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.   In some situations it may be appropriate to stay the civil proceeding.   In others it may be preferable for the civil suit to proceed— unstayed." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962) (internal citation omitted).   However, the stay of a civil case should be entered only upon a showing of "special circumstances."  *Alcala*, 625 F.Supp.2d at 398.   District Courts in Texas have considered several factors in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public

interest.  *See, e.g., Alcala*, 625 F.Supp.2d at 398-99; *Akuna Matata Invs., Ltd. v. Texas Nom Ltd. P'ship*, 2008 WL 2781198, at * 2 (W.D. Tex. 2008); *Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988, * 1 (N.D. Tex. 2002); *see also Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc*., 886 F.Supp. 1134, 1139 (S.D.N.Y.1995) (citing *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 201-3 (Pollack, J.) ("*Parallel Proceedings*")); *Volmar Distribs., Inc. v. The New York Post Co*., 152 F.R.D. 36, 39 (S.D.N.Y.1993).

Defendant Russell argues that she has reason to believe there are ongoing criminal investigations against her based on the same facts and circumstances asserted in this lawsuit by the U.S. Department of Justice, Civil Rights Division, and the Travis County District Attorney's Office.  Likewise, Defendant Green argues that there is an ongoing criminal investigation against him based on the same facts and circumstances asserted in this lawsuit by the U.S. Department of Justice, Civil Rights Division.  Both defendants argue that they intend to invoke their Fifth Amendment right against self incrimination in their depositions in this case and that, by doing so, they face a choice between defending themselves in this lawsuit and the risk of incriminating themselves in the potential criminal cases against them.  Defendants Russell and Green assert that they have reason to believe that one or more persons have either been interviewed by federal investigators or have been called to testify before the federal grand jury since the initiation of the discovery stay in April.  However, neither Russell nor Green asserts that they are currently under indictment nor has either defendant offered evidence that indictments against them are imminent or even certain.

Plaintiffs base their argument on the fact that no indictments have been issued against either Russell or Green and that the 90 day stay was more than sufficient to serve the defendants'

4

interests. Specifically, plaintiffs argue that defendants Russell and Green have had more than enough time to determine their need to invoke the Fifth Amendment privilege during discovery in this case. Additionally, plaintiffs argue that there is a substantial risk of prejudice to them if an additional stay of unspecified duration is put into place because further delay in the case could lead to failed memories and lost evidence.

The first question to be resolved is the extent to which the issues in the potential criminal cases against Russell and Green overlap with the issues in the present case. The risk of self-incrimination is more likely if there is significant overlap between the issues in the civil and criminal cases. *Librado*, 2002 WL 31495988, at * 2; *see also Volmar Distribs.,* 152 F.R.D. at 39 (quoting *Parallel Proceedings,* 129 F.R.D. at 203). Both Russell and Green assert that the criminal investigations directed towards them are based on the same circumstances giving rise to this action. However, because there have been no indictments against either Russell or Green, there is no way to determine whether the issues in the criminal investigations do, in fact, substantially overlap with the issues in the present case. Even assuming that there is complete overlap of the issues, there is little danger in this case that the civil litigation is an effort by the government to evade any limits on criminal discovery or pressure the defendants to waive their Fifth Amendment rights since this case was brought by private plaintiffs and not a governmental agency. *See Alcala*, 625 F.Supp.2d at 402 ("the potential for prejudice to a criminal defense is diminished where private parties, and not the government, are the plaintiffs in the civil action") (citing *Citibank, N.A. v. Hakim*, 1993 WL 481335, at * 1 (S.D.N.Y. 1993)); *see also Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter, and is even more

appropriate when both actions are brought by the government.") (internal citation omitted). Accordingly, this factor is neutral and does not weigh for or against granting defendants' requested stay.

The second factor to be considered is the status of the criminal case. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Librado*, 2002 WL 31495988, at * 2 (quoting *Trustee*s, 886 F.Supp. at 1139). Neither Russell nor Green asserts that they are currently under indictment nor has either defendant offered evidence that indictments against them are imminent or even certain. For these reasons, this factor weighs against granting a stay of discovery as to Russell and Green.

Under the third factor, the Court must weigh the private interests of the plaintiffs in proceeding expeditiously against the prejudice that will be caused by the delay that will result from the stay. Plaintiffs rightfully assert that substantial delay can lead to the loss of evidence, loss of witnesses, and faded memories that may frustrate their ability to present an effective case and meet their burden of proof. This case has been pending for two years and has already been subject to a 90 day stay of discovery as to defendants Russell and Green. Any further delay, much less the indefinite delay sought by defendants, poses a substantial risk of prejudice to the Plaintiff. This factor, therefore, weighs heavily in favor of denying the stay.

The Court must also consider the private interests of and burden on defendants Russell and Green that would result if the stay is denied. It is well settled that "the Fifth Amendment does not

forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). However, whether or not to permit such an adverse inference in a civil case is left to the discretion of the district court. *Hinojosa v. Butler*, 547 F.3d 285, 291-92 (5th Cir. 2008) (quoting *FDIC v. Fid. & Deposit Co.*, 45 F.3d 969, 977 (5th Cir. 1995)). Accordingly, the Court may lessen the burden on defendants Russell and Green of proceeding with class certification discovery in this case while both defendants are under criminal investigation by limiting the adverse inference to be drawn from the exercise of their Fifth Amendment rights. Because discovery in this case is currently limited to those issues relevant to class certification, the Court will, at this time, limit any adverse inference arising from either defendant's decision to invoke his or her Fifth Amendment right to class certification issues. The decision of whether to extend any adverse inferences based on the currently scheduled depositions of defendants Russell and Green or any later depositions of or discovery from these defendants to the merits of the case is an open issue that will be determined by the Court upon the motion of either party.

Next, the Court must consider its own interests in managing its docket and disposing of cases expeditiously. This Court has already stayed discovery as to defendants Russell and Green for 90 days based on their fear of imminent criminal indictments. However, no indictments have been issued, and there is no evidence as to whether or when indictments might issue as to either defendant or when the criminal investigations against them will be resolved. This case has been pending for two years and a further stay of discovery directed towards defendants Russell and Green would result in an indefinite delay of the class certification and trial schedule, frustrating resolution if this case for an undefined period of time. Such a stay of indefinite duration is

contrary to the Court's interest in moving its docket and ensuring the expeditious resolution of cases before it. *Alcala*, 625 F.Supp.2d at 407. In addition, stays of indefinite duration are frowned upon by the Fifth Circuit. S*ee McKnight v Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (holding that a stay will be reversed when found to be immoderate or of an indefinite duration). Accordingly, this factor weighs in favor of denying defendants' motions to extend the stay of discovery directed towards them until the resolution of the criminal investigations.

Finally, the Court must consider the public interest in deciding whether to stay discovery directed to Russell and Green. As previously discussed, staying discovery towards these two defendants will result in an indefinite delay in these proceedings. The Court notes that this case has garnered considerable public attention as a result of the serious allegations made against local public officials. Because of this and the fact that this case is a class action involving constitutional rights and alleging abuses by public officials, the prompt resolution of this case would best serve the public interest.

### III.  Conclusion

For the reasons set forth above, the Court hereby DENIES Defendant Lynda K. Russell's Second Opposed Motion for Protection Re: Staying Discovery Directed Toward Her (Dkt. No. 167) and Defendant Danny Green's Second Motion for Protection to Stay Discovery Directed Toward Him (Dkt. No. 169). The Court FURTHER ORDERS that any adverse inference arising from either defendant's decision to invoke his or her Fifth Amendment right against self incrimination will be limited at this time to class certification issues. The decision of whether to extend any adverse inferences based on the currently scheduled depositions of defendants Russell

and Green or any later depositions of or discovery from these defendants to the merits of the case is an open issue that will be determined by the Court upon the motion of either party.

IT IS SO ORDERED.

SIGNED this 30th day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE