IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAMES MORROW, STEPHEN STUART WATSON, AMANEE BUSBY, YUSELFF DISMUKES, LINDA DORMAN, MARVIN PEARSON, JENNIFER BOATWRIGHT, and RONALD HENDERSON, and a Proposed Class of Other Similarly Situated Persons,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF TENAHA DEPUTY CITY MARSHALL, BARRY WASHINGTON, In his Individual and Official Capacity; CITY OF TENAHA MAYOR GEORGE BOWERS, in his Individual and Official Capacity; SHELBY COUNTY DISTRICT ATTORNEY LINDA KAY RUSSELL, in her Individual and Official Capacity; SHELBY COUNTY DISTRICT ATTORNEY INVESTIGATOR DANNY GREEN, in his Individual Capacity only; and SHELBY COUNTY PRECINCT 4 CONSTABLE RANDY WHATLEY, in his Individual and Official Capacity,<br>    Defendants. | Civil Action No. 2:08-cv-288<br><br>JUDGE: RODNEY GILSTRAP |

**DEFENDANTS' JOINT SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO EXTEND CONSENT DECREE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants City of Tenaha and Shelby County and file this their Joint Sur-Reply to Plaintiff's Reply to Defendants Response to Plaintiffs' Opposed Motion to Extend Consent Decree, and in support thereof, would respectfully show as follows:

1.      General - The comments and arguments made throughout Plaintiffs' Reply are in many instances not consistent with and/or contrary to the information contained in the QMRs.  Defendants have separately in their initial responses pointed out many of these inconsistencies.  Plaintiffs' Reply is more of the same and raises no new arguments, rather it is a continued exercise of conjecture, speculation and misinformation.

2.      Waiver - As to the issue of waiver,[1] Defendants do not believe they were provided "drafts" of a proposed QMR as was Plaintiffs' counsel, but certainly they were not provided with any objections or comments made by Plaintiffs' counsel to the draft QMRs or the filed QMRs.  As such, Defendants had no way of knowing of any concerns being expressed by Plaintiffs' counsel.  If Plaintiffs' counsel would have even once advised defense counsel of any concerns he had with alleged problems/efforts under the Decree, effort could have been made to address them at the time.  However, he never did so until the recent filing of the motion to extend three (3) days before the Consent Decree expired by its own terms.

3.      Strategic Avoidance - As to the issue of strategic avoidance,[2] and contrary to the suggestion in Plaintiffs' motion, there was no specific policy adopted to not detain anyone or avoid routine, legitimate police activities.  Plaintiffs' argument is nothing more than speculation and conjecture, and it ignores the "police work" conducted by both law enforcement offices as outlined in their initial Response.  Further, counsel for Plaintiffs has apparently reviewed several of the videos depicting stops by the law enforcement officers, and certainly the monitor has done so.  At no point has anyone suggested that any of the law enforcement officers failed to do something they should have done at any particular

---

[1] Item No. 1 in Plaintiffs' Reply.

[2] Item No. 2 in Plaintiffs' Reply.

stop - such as detain someone or seize property/drugs/money. Perhaps most importantly, no where in the Decree is any Defendant required or mandated to continue making interdiction stops and it is a fiction to suggest otherwise or that this was a "problem" that needed correcting. Action of officers to date do comply with the terms of the Consent Decree.

4. Inter-local Agreement - As to the Inter-local Agreement,[3] Plaintiffs continue to misconstrue and misrepresent the truth, ignoring the actual timing of events and falsely accusing the County of misrepresentation. Defendant Shelby County has already explained this subject fully in its Response. Briefly, however, there is no dispute that at least initially it was believed the other Shelby County constables would sign the Decree and they were indeed referenced in the Decree. Subsequently, as soon as it was determined the other constables would not sign the Decree, the matter was fully discussed in both open court and in written pleadings. The Court did not feel their refusal justified holding up or revising the Decree. This is a non-issue and another example of a false narrative presented by Plaintiffs to try to have the Decree extended.

5. Formal Adoption of Policies - As to the issue of formal adoption of policies,[4] there is no question but that the subject policies were formally adopted. The formal policies were provided to the monitor and the monitor acknowledged same in the first QMR. Documentation of this adoption of said policies by the City has been provided to the monitor and acknowledged in his Affidavit to Defendant City of Tenaha's Response to Plaintiffs' Opposed Motion to Extend Duration of Decree. Documentation of adoption by

---

[3] Item No. 4 in Plaintiffs' Reply.

[4] Item No. 6 in Plaintiffs' Reply.

Constable Precinct 4 was noted in the constable's affidavit. Evidence and arguments were provided by each Defendant reflecting adoption of said Policies and submission of same to the monitor in their respective initial responses.

6. Officer Training - As to officer training,[5] Defendants have fully explained their responsive positions in their initial responses. Plaintiffs make no new argument on this subject.

7. Reports to Dispatch - As to reporting to dispatch,[6] the Shelby County Constable Precinct 4 has not worked traffic in years, so there would be no occasion to report to dispatch. As for the City of Tenaha, the QMRs make it clear that the issue with reporting was with the Sheriff's office dispatch and that issue has been addressed and improved.

8. Mechanical Recordings Traffic Stops - As to mechanical recordings,[7] it appears Plaintiffs have ignored the language contained in the QMRs altogether. The QMRs do not reflect any persistent problem with the mechanical audio and video recording equipment. Defendants have complied and in the case of the Precinct 4 Constable, evidence was provided that new equipment has been purchased.

9. Monitor's Affidavit - Plaintiffs indicate they are "concerned about the monitor's affidavit testimony."[8] Clearly, Plaintiffs do not like the fact that the Court appointed Monitor, Joe Evans, agreed to and by the parties, believes Defendants have indeed complied with the Decree and that it should <u>not</u> be extended. Plaintiffs' position is not the

---

[5] Item No. 7 in Plaintiffs' Reply.

[6] Item No. 8 in Plaintiffs' Reply.

[7] Item No. 9 in Plaintiffs' Reply.

[8] See ¶ 10 on p. 6 of Dkt. 326.

least bit surprising, nor is the position of Plaintiffs' counsel who would obviously seek to keep generating fees for as long as the Decree is in place. The Monitor is in the best position, based on his lengthy background in law enforcement, to offer an opinion as to compliance with the Decree. Per his affidavit testimony, the Monitor's position is clear that Defendants' have complied with the Decree and the Decree should not be extended.

## CONCLUSION

Defendants have complied with the substantive terms of the Consent Decree and the Court appointed Monitor, Joe Evans, opines that Defendants have complied with its terms. Accordingly, Plaintiffs' Motion to Extend the Consent Decree should be denied.

Respectfully submitted,

**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

_____
**CHAD C. ROOK**
State Bar No. 17227750
ccr@flowersdavis.com

**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
Lead Attorney

**ATTORNEYS FOR DEFENDANT SHELBY COUNTY**

**ALDERMAN CAIN & NEILL PLLC**
122 East Lufkin Ave.
Lufkin, TX 75901-2805
(936) 632-2259
(936) 632-3316 Facsimile

*/s/ Galen Robert Alderman, Jr.*
**GALEN ROBERT ALDERMAN, JR.**
State Bar No. 00979900
balderman@acnlaw.com

**ATTORNEY FOR DEFENDANT,
CITY OF TENAHA**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on September 19, 2017, in the following manner:

  X    Via ECF

_____
**CHAD C. ROOK**