**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION**

| | | |
|---|---|---|
| JAMES MORROW, et al., | § | |
| and A Certified Class of Other | § | |
| Similarly Situated Persons, | § | |
| PLAINTIFFS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:08-cv-288 |
| | § | |
| CITY OF TENAHA DEPUTY CITY | § | JUDGE: RODNEY GILSTRAP |
| MARSHALL, BARRY WASHINGTON, | § | |
| et al., | § | |
| DEFENDANTS | § | |

**PLAINTIFFS' UNOPPOSED MOTION TO AMEND ORDER DENYING ATTORNEY
FEES (DKT 419)**

TO THE HONORABLE JUDGE GILSTRAP:

Pursuant to Fed. R. Civ P. Rule 52(b), Plaintiffs file this motion to ask that the Court amend

its recent order on fees (Dkt. 419) to includes sufficient facts and conclusions of law to provide a

"clear understanding of the analytical process by which [the] ultimate findings were reached...."[1]

The Supreme Court has also held that specific findings of fact and law are essential for any

determination related to statutory attorney fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437

(1983)[2] and more recently in *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).[3]

In making this request, Plaintiffs do not waive their objection to the Court's conclusion

that Plaintiffs' attorney fees should be denied. However, in the absence of detailed findings of fact

---

[1]   *Golf City, Inc. v. Wilson Sporting Goods, Co.*, 555 F.2d 426, 433 (5th Cir. 1977). In the alternative, Plaintiffs
would also file this motion under Rule 54(b) and Rule 59(a)(2) to the extent applicable.

[2]   "It remains important, however, for the district court to provide a concise but clear explanation of its reasons for
the fee award."

[3]   "It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination…"

and conclusions of law that provide the basis for the Court's decision, Plaintiffs cannot properly address the Court's denial of fees. Therefore, Plaintiffs' file this motion to amend the Court's Order denying fees (Dkt. 419).

On March 17, 2020 Plaintiffs filed a motion seeking fees in this case for the period between April 1, 2020 and December 31, 2020. After an agreed extension of the deadline to respond, the Defendant City of Tenaha filed a response on April 7, 2021. On April 12, 2021, prior to the ordinary deadline for filing a reply and without a hearing, this Court entered an order denying Dkt. 415.[4] The sole finding of the Court's order is as follows: "Having considered the Motion and related briefing, the Court is of the opinion that the Motion should be and hereby is DENIED."

Rule 23(h)(3) of the Federal Rules of Civil Procedure requires the Court to find facts and conclusion of law as required by Rule 52(a) in a certified class action. As the Fifth Circuit has recently stated, "Rule 52(a) compels a district court to lay out enough subsidiary findings to allow us to understand the basis of the trial court's decision."[5] The Courts' Order does not meet this requirement.[6] More detailed findings  and conclusions are required in cases that are complex, like

---

[4]   It should be noted that Dkt. 415 sought fees for the period of April 1, 2020 through December 31, 2020. It is unclear from the face of the order, which says that the motion was for fees through December 1, 2020, whether the Court only wished to address part of Plaintiffs motion for fees. Plaintiffs assume this was a typographical error and that the Court intended to deny Dkt. 415 in its entirety.

[5]   *Eni U.S. Operating Co., Inc. v. Transocean Offshore Deepwater Drilling, Inc.*, 919 F.3d 931, 935 (5th Cir. 2019) (internal quotes and citations omitted). *Eni* held that an order that does not comply with Rule 52(a) should be remanded for additional findings, rejecting the argument that an order that failed to comply with Rule 52(a) could be sustained so long as the record contained sufficient facts to support the order. Id at p. 937. See also *Hensley* and *Perdue* cited above and *Blanchard v. Bergeron*, 893 F.2d 87, 90-91 (5th Cir. 1990) (remanding a fee award for failure to provide a clear and concise basis for the fee decision beyond conclusory terms based on *Hensley*'s requirements.).

[6]   *Hydrospace-Challenger, Inc. v. Tracor/MAS, Inc.*, 520 F.2d 1030, 1033 (5th Cir. 1975) ("Statements conclusory in nature are to be eschewed in favor of statements of the preliminary and basic facts on which the District Court relied." (quotation omitted)).

the this case.[7] Therefore, Plaintiffs ask that the Courts' Order at a minimum be amended to comply with the requirements of Rule 23(h)(3) and Rule 52(a) as construed by the Fifth Circuit.

Plaintiffs respectfully contend for the reasons stated in Plaintiffs' motion for fees[8] that the law and facts and prior decisions of this Court require an award of attorney fees as requested.

## Conclusion

For the reasons stated above, Plaintiffs request that the Court amend its Order at Dkt 419, to include sufficient findings and conclusions to permit an understanding of the basis of the decision.[9]

Respectfully submitted,

/s/ Timothy B. Garrigan
Timothy B. Garrigan
Bar Card No. 07703600
Stuckey & Garrigan Law Offices, PLLC
2803 North Street, Suite C
Nacogdoches, TX 75965
Tel: 936-560-6020
Fax: 936-560-9578
Email: tim@sgclaw.org

Attorney-for Plaintiffs,
James Morrow, *et al.*

---

[7]   *Chandler v. City of Dallas,* 958 F.2d 85, 89-90 (5th Cir. 1992) (per curiam).

[8]   Dkt. 415.

[9]   The Court is of course free to change its decision to deny fees, and Plaintiffs would welcome a decision to award the fees. However, in the absence of the amendment sought herein, Plaintiffs cannot address the Court's decision to deny fees in a meaningful way. Therefore, this motion is limited at this time to a request to amend Dkt. 419.

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I certify that Plaintiffs rely on service by ECF of a copy of the above Motion to Amend on counsel of record.

/s/ Timothy B. Garrigan
Timothy B. Garrigan

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) and the motion is unopposed.

/s/ Timothy B. Garrigan
Timothy B. Garrigan

4