IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAMES MORROW, STEPHEN STUART WATSON, AMANEE BUSBY, YUSELFF DISMUKES, LINDA DORMAN, MARVIN PEARSON, JENNIFER BOATWRIGHT, RONALD HENDERSON, JAVIER FLORES, WILLIAM FLORES, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF TENAHA DEPUTY CITY MARSHAL BARRY WASHINGTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CITY OF TENAHA MAYOR, SHELBY COUNTY DISTRICT ATTORNEYS OFFICE, SHELBY COUNTY PRECINCT 4 CONSTABLE RANDY WHATLEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SHELBY COUNTY DISTRICT ATTORNEY INVESTIGATOR DANNY GREEN, IN HIS INDIVIDUAL CAPACITY ONLY; AND SHELBY COUNTY, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:08-CV-00288-JRG |

## ORDER

Before the Court is Plaintiffs' Motion to Amend Order Denying Attorney Fees (the "Motion to Amend"). (Dkt. No. 421). The Court previously denied Plaintiffs' Contested Motion for Award of Interim Attorneys' Fees Incurred During the Fee Period from April 1 Through December 31, 2020 (Dkt. No. 415). (Dkt. No. 419). The Motion to Amend asks the Court to amend its Order denying fees from April 1, 2020 to December 31, 2020 to provide detailed findings of facts and conclusions of law regarding the same. (Dkt. No. 421 at 1).

The above-captioned case, initially filed on July 24, 2008, has a long history before this Court. (Dkt. No. 1.) The parties ultimately negotiated a settlement agreement consisting primarily of a consent decree (the "Consent Decree"), which required Defendants to follow detailed and monitored procedures for a period of years to ensure that Defendants' future policing practices do not result in illegal traffic stops, detentions, searches, and seizures that violate the Fourth and Fourteenth Amendments, as alleged in the lawsuit. (Dkt. No. 278-1, Ex. A). The Consent Decree reached its original end date but was extended by the Court and it was set to expire on July 24, 2020. (Dkt. No. 278). After such extension, on July 17, 2020, Plaintiffs filed an Opposed Motion for a Second Additional Term of the Decree (the "Motion for Second Extension"). (Dkt. No. 398). In addition, Plaintiffs previously filed a Contested Motion for Award of Interim Attorneys' Fees and Costs Incurred During the Fee Period from September 1, 2016 Through April 30, 2019 (Dkt. No. 364) and a Contested Motion for Award of Interim Attorneys' Fees and Costs Incurred During the Fee Period from May 1, 2019 Through March 31, 2020 (Dkt. No. 382) (collectively, the "Motions for Fees").

The Court held a telephonic status conference on April 14, 2020 to discuss the implementation of the extended term of the Consent Decree and to identify any remaining issues that would be heard at an upcoming in-person hearing (the "Final Hearing"). (Dkt. No. 380). The Court instructed the parties that any and all remaining motions must be filed before the Final Hearing. (*See id*.). On July 21, 2020, the Court held the Final Hearing and heard oral argument regarding the Motion for Second Extension and Motions for Fees. (Dkt. No. 401). The Court ultimately denied the Motion for Second Extension and granted-in-part the Motions for Fees. (Dkt. Nos. 409, 410). On March 17, 2021—nearly eight months after the Final Hearing—Plaintiffs filed

the Contested Motion for Award of Interim Attorneys' Fees Incurred During the Fee Period from April 1 Through December 31, 2020 (the "Supplemental Motion for Fees") (Dkt. No. 415).

The Court finds that the Supplemental Motion for Fees was untimely filed. At least as early as the telephonic status conference held on April 14, 2020, the Court put the parties on clear notice that any motions must be timely filed before the Final Hearing held on July 21, 2020. (Dkt. No. 380). Accordingly, the Supplemental Motion for Fees is **DENIED** on that basis, and the Motion to Amend Order Denying Attorney Fees (the "Motion to Amend") (Dkt. No. 421) is **DENIED AS MOOT**. All relief of any nature not previously granted is hereby **DENIED**.

The Clerk of Court is directed to **CLOSE** the above-captioned case.

**So ORDERED and SIGNED this 24th day of November, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE