IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAMES MORROW, STEPHEN STUART WATSON, AMANEE BUSBY, YUSELFF DISMUKES, LINDA DORMAN, MARVIN PEARSON, JENNIFER BOATWRIGHT, RONALD HENDERSON, JAVIER FLORES, and WILLIAM FLORES,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF TENAHA DEPUTY CITY MARSHAL BARRY WASHINGTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CITY OF TENAHA MAYOR, SHELBY COUNTY DISTRICT ATTORNEYS OFFICE, SHELBY COUNTY PRECINCT 4 CONSTABLE RANDY WHATLEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SHELBY COUNTY DISTRICT ATTORNEY INVESTIGATOR DANNY GREEN, IN HIS INDIVIDUAL CAPACITY ONLY; and SHELBY COUNTY,<br><br>*Defendants*. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 2:08-CV-00288-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion for Award of Interim Attorneys' Fees Incurred During the Fee Period from April 1 Through December 31, 2020 (the "Fourth Fees Motion") (Dkt. No. 415) and the Motion for Award of Interim Attorneys' Fees Incurrent from January 1, 2021 Through the Filing of This Motion Including an Estimate of Fees Required to Fully Close Out This Litigation and Request for Opportunity to Present Adversarial Materials (the "Fifth Fees Motion") (Dkt. No. 435) (together, the "Motions") filed by the certified plaintiff class ("Plaintiffs"). Having

considered the Attorneys' Fees Motions and the related briefing and supplemental materials, the Court is of the opinion that the Motions should be and hereby are **GRANTED-AS-MODIFIED**.

## I. BACKGROUND

On July 24, 2008, Plaintiff James Morrow and a proposed class of others similarly situated ("Plaintiffs") filed suit against Defendants City of Tenaha Deputy City Marshal Barry Washington, City of Tenaha Mayor,[1] Shelby County District Attorneys Office, Shelby County Precinct 4 Constable Randy Whatley, Shelby County District Attorney Investigator Danny Green, and Shelby County[2] (collectively, the "Defendants") under 42 U.S.C. § 1983, alleging that Defendants' actions violated the Fourth Amendment's prohibition against unreasonable searches and seizures and the Fourteenth Amendment's Equal Protection Clause. (Dkt. No. 1; Dkt. No. 111 at 1–2.)

The Parties ultimately negotiated a settlement agreement consisting primarily of a consent decree, which required Defendants to follow detailed and monitored procedures for a period of years to ensure that Defendants' future policing practices did not result in the same or similar illegal traffic stops, detentions, searches, and seizures alleged in the lawsuit ("the Consent Decree"). (Dkt. No. 278–1, Ex. A). Over the course of this case, Plaintiffs have filed four motions seeking the recovery of attorneys' fees and expenses incurred in connection with the enforcement of the Consent Decree, and a fifth motion seeking the recovery of attorneys' fees and expenses incurred in appeals and other litigation events in this case. The Court previously granted Plaintiffs' Motion for an Award of Interim Attorneys' Fees and Expenses for the Period of September 10, 2013 to August 31, 2016. (Dkt. No. 328.) As a part thereof, Plaintiffs were awarded $35,339.94 in

---

[1] Defendants City of Tenaha Deputy City Marshal Barry Washington and the City of Tenaha Mayor shall be referred to as the "City Defendants."
[2] Defendants Shelby County District Attorneys Office, Shelby County Precinct 4 Constable Randy Whatley, Shelby County District Attorney Investigator Danny Green, and Shelby County shall be referred to as the "County Defendants."

attorneys' fees and expenses. (*Id*.) Plaintiffs also sought attorneys' fees and expenses for the period from September 2016 through April 2019 (Dkt. No. 364), as well as for the period of May 1, 2019 through March 31, 2020. (Dkt. No. 382.) The Court granted, in part, those motions and awarded Plaintiffs an additional $289,433.96 in attorneys' fees and expenses. (Dkt. No. 410.) Plaintiffs subsequently filed their Fourth Fees Motion on March 17, 2021 seeking the recovery of $88,553.33 in attorneys' fees. (Dkt. No. 415.) The Court previously granted as modified the Fourth Fees Motion. (Dkt. No. 440.) However, the Fifth Circuit vacated that decision and remanded it for further proceedings consistent with their opinion. (Dkt. No. 449-2.) This is the first time the Court has considered the Fifth Fees Motion.

## II. AUTHORITIES

### A. Legal Basis for Award of Fees and Expenses

Under 42 U.S.C. § 1988(b), in an action to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Section 1988(b) limits fee awards to the "prevailing party," which is generally considered as the party who "has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit" and one who "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 767 (5th Cir. 1996) (citations omitted). "[F]or purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S. Rep. No. 94–1011, 94th Cong. 2d Sess. 5 (1976), reprinted in (1976) U.S. Code Cong. & Admin. News, pp. 5908, 5912. *See Brown v. Culpepper*, 559 F.2d 274, 277 (5th Cir. 1977).

Several courts have held that, in the context of 42 U.S.C. § 1988, post-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1987) (collecting cases); *see also Alberti v. Klevenhagen*, 896 F.2d 927, 932–34 (5th Cir. 1990) (reviewing an interim attorneys' fees order in the context of ongoing monitoring of a consent decree), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990).

**B.  Determination of Fees Under 42 U.S.C. § 1988**

Under § 1988, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citing S. Rep. No. 94–1011, p. 4 (1976)). "In computing the fee, counsel for prevailing parties should be paid, as traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.'" *Id*. at 430 n.4 (citations omitted).

The determination of a fees award is a two-step process. *Jimenez v. Wood County*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011). First, the court calculates the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id*. In calculating the lodestar, "[t]he court should exclude all time that is excessive, duplicative, or inadequately documented." *Id*. at 379–80. Once the lodestar amount is calculated, the court may enhance or decrease it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974). *Id*. at 380. In *Johnson*, the Fifth Circuit laid out twelve factors to be considered in deciding whether the lodestar ought to be adjusted. 488 F.2d at 717–19. Those factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by

the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. "The court must provide a 'reasonably specific explanation for all aspects of a fee determination.'" *Id*. (quoting *Perdue v. Kenny A.,* 559 U.S. 542, 558 (2010)).

### III.   ANALYSIS

#### A.   Fourth Fees Motion

The Fifth Circuit reversed and remanded this Court's prior order regarding the Fourth Fees Motion because the Court had not provided adequate notice to class members as mandated by Federal Rule of Civil Produced 23(h) prior to awarding fees. (*See* Dkt. No. 449-2.) To cure this error, the Court has since provided class notice and held a hearing on the Fourth Fees Motion. (*See* Dkt. No. 455, "Order Setting Hearing and Directing Notice.") Such hearing was held on September 26, 2025 (the "September 26 Hearing"), and the parties agreed on the record at the hearing that "the notice ordered by the Court and as given to members of the class as to the Court's consideration of the pending attorney's fees motions was adequate." (Dkt. Nos. 458, 459.) No class members were present at the hearing, and no argument was made by counsel for either party which convinced this Court that its previous order regarding the Fourth Fees Motion was incorrect. (*See generally* Dkt. No. 460.)

The Court has thus corrected the error identified by the Fifth Circuit, and the merits of the Fourth Fees Motion remain unchanged. As such, the Court finds that its damages award should remain unchanged as well. The Fourth Fees Motion is therefore **GRANTED-AS-MODIFIED** as in the Court's prior Order (Dkt. No. 440), in the amount of $16,020.00.

### B. Fifth Fees Motion

In the Fifth Fees Motion, Plaintiffs request addition attorneys' fees from the period from January 1, 2021 through the time of the filing of the Motion in the amount of $405,965.00. (Dkt. No. 453.) They arrive at this figure by estimating that Mr. Timothy Garrigan spent 565 hours working on this case in that time at a rate of $500, and that Mr. Timothy Craig spend 310 hours working on this case at a rate of $400. (Dkt. No. 453 at 2.) Plaintiffs note that this Court has previously found Mr. Garrigan's rate of $500 to be reasonable. (*Id*. at 5, citing Dkt. No. 328 at 17-18.) Plaintiffs further note that this Court has previously found a rate of $350 to be reasonable for Mr. Craig's work (*see* Dkt. No. 410 at 9) and assert that he completed complex work in this case and that he has recently received attorney fee awards from other Courts in this District at $400 an hour. (Dkt. No. 453 at 6).

Plaintiffs further request an additional $10,000-$15,000 to account for "an additional 20-30 hours of Mr. Garrigan's time" as Plaintiffs estimate "will be required from the filing of this motion to wind down this case." (Dkt. No. 453 at 2.) Plaintiffs finally argue that "*Johnson* and other factors… might justify adjustment to the [$405,965.00] lodestar." (*Id*. at 7.) Plaintiffs do not seek an upward adjustment of the lodestar amount on the basis of *Johnson* factors 1, 3-9, or 11-12, but assert that factors 2 and 10 (novelty of the case and difficulty of the questions presented, as well as the "undesirability" of the case) do justify an enhancement of the fees sought. (*Id*. at 7-10.)

Defendants respond that Plaintiffs have failed to file accompanying evidence to support its hours estimates of 565 hours for Mr. Garrigan and 310 hours for Mr. Craig, and that their rough estimates as they stand in the text of the Fifth Fees Motion itself work out to approximately 437.5 hours per appeal in this case, which is too high a figure. (Dkt. No. 454 at 2.) Defendants further

6

respond that the 20-30 hours estimated to "wind down this case" is too high an estimate, since the Fourth and Fifth Fees Motions are the only remaining issues in the case. (*Id*. at 3.) Defendants finally assert that the *Johnson* factors weigh in favor of a decreased fee award, in particular because the appeals of the Fourth Fees Motion which these requested fees relate to "brought the class of Plaintiffs no relief." (*Id*. at 5.)

At the September 26 Hearing, the Court determined that it would permit Plaintiffs to submit adversary materials in support of their Fifth Fees Motion as Plaintiffs requested and Defendants did not oppose in their reply. (*See* Dkt. No. 453 at 10; Dkt. No. 454 at 4; Dkt. No. 460 at 18.) The Court further granted Defendants leave to respond to Plaintiffs' adversary materials. (Dkt. No. 449 at 2; Dkt. No. 460 at 18.) The Court has already found that Plaintiffs may be awarded reasonable fees for post-decree work in this case. (Dkt. No. 328 at 10-11; Dkt. No. 440 at 7.) The Court now considers the lodestar, and whether the lodestar should be adjusted upward or downward in consideration of the *Johnson* factors, in light of the briefing and subsequently-filed adversary materials.

### i.     Reasonable Hourly Rates

Attorneys' fees awards in civil rights cases facilitate plaintiffs' access to the courts to vindicate their rights by providing compensation sufficient to attract competent counsel. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). "Fee awards must, however, be reasonable." *Id*. (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Reasonable hourly rates" are to be calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). This burden lies on the applicant. *Id*. at 896. Such requested rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 896 n.11.

Mr. Garrigan billed his time at $500 an hour. (Dkt. No. 453 at 2.) Mr. Craig billed his time at $400 an hour. (*Id*.) Mr. Garrigan and Mr. Craig submitted declarations in support of these rates. (Dkt. Nos. 461-2, 461-3.) They also submitted declarations from Mr. Otis Carroll, a lawyer with the firm of Ireland, Carroll and Kelly, P.C. in Tyler, Texas (Dkt. No. 461-5) and Ms. Jane Swanson, a lawyer in Austin, Texas (Dkt. No. 461-6), both of whom have experience in complex federal litigation and who state that the rates Mr. Garrigan and Mr. Craig seek are within the reasonable range of rates for such work in the Eastern District of Texas.

This Court has previously found that a rate of $500 an hour is reasonable for Mr. Garrigan when engaging in complex legal work (Dkt. No. 328 at 18), and that a rate of $450 an hour is reasonable for Mr. Garrigan when engaging in less complex tasks that must be performed under the Consent Decree (Dkt. No. 410 at 9). The Court has previously found that a rate of $350 is reasonable for Mr. Craig's work. (Dkt. No. 410 at 9.) Plaintiffs urge that the Court should consider the complexity of the work Mr. Craig completed in this case, as well as the fact he has recently received attorney fee awards from other Courts in this District at a rate of $400 an hour, in support of the $400 figure. (Dkt. No. 453 at 6.)

Since the work that Mr. Garrigan and Mr. Craig completed to which the Fifth Fees Motion relates was almost exclusively legal in nature (relating to motions for attorneys' fees and appealing the same, rather than tasks performed under the Consent Decree), the Court finds that Mr. Garrigan's requested rate of $500 an hour is reasonable and awards him that rate for his work. The Court further finds that the complexity of the work has not appreciably changed such that it sees no reason to deviate from its prior decision that $350 an hour is reasonable for Mr. Craig's work and awards him that rate for his work.

### ii. Hours Reasonably Expended

Plaintiffs have submitted schedules detailing the hours claimed to have been expended by Mr. Garrigan and Mr. Craig in relation to this case since January 1, 2021. (Dkt. Nos. 461-2, 461-3.) The Court has extensively reviewed these time entries and now addresses the City Defendants' objections. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) ("[T]he court should exclude all time that is excessive, duplicative, or inadequately documented."). In his timesheet, Mr. Garrigan now purports to have billed 569.7 hours during the period of the Fifth Fees Motion,[3] and purports to have worked 223.9 additional hours which were not included in the timesheet based on his exercise of billing judgement. (Dkt. No. 461-2 at 22.) Mr. Craig purports to have billed 309.1 hours during this period,[4] and purports to have worked 2.8 additional hours which were not included in the timesheet based on his exercise of billing judgement. (Dkt. No. 462-2 at 7.)

Defendants provide the following specific objections to Mr. Garrigan's and Mr. Craig's time entries for certain activities:

For items that appear on these timesheets regarding the Fourth Fees Motion, which was filed on March 17, 2021, Mr. Craig billed 7.5 hours. (Dkt. No. 454 at 4, citing Dkt. No. 461-3.) Mr. Garrigan billed 46.6 hours for the same. (Dkt. No. 454 at 4, citing Dkt. No. 461-2.) Defendants object that this was a "standard motion which had been filed in this case numerous times before," in which "[t]he only substance that needed to be changed was the amount sought, a few tweaks to an already existing attorney affidavits, and the addition of the billing records which were already created." (Dkt. No. 454 at 5.) Defendants state the motion should have taken five to ten hours rather than 54.1, and as such, the lodestar should be reduced by 45 hours. (*Id.*)

---

[3] As compared to the 565 hours noted in the Fifth Fees Motion itself. (*See* Dkt. No. 453 at 2.)
[4] As compared to the 310 hours noted in the Fifth Fees Motion. (*See* Dkt. No. 453 at 2.)

9

For the filing of the Fifth Fees Motion, Mr. Craig billed 29.6 hours. (Dkt. No. 454 at 5, citing Dkt. No. 461-3.) Defendants object that this task should have only taken about five hours, since it was the fifth such motion Plaintiffs had filed and because it did not include any attachments of records, which had to later be added as adversarial materials. Defendants state the lodestar calculation should be reduced by 22 hours. (Dkt. No. 454 at 5.)

For the filing of the three-page Motion to Amend Order Denying Attorney's Fees, Mr. Craig billed 14.8 hours. (*Id.*, citing Dkt. No. 461-3.) Defendants object that only 1.8 hours of this billing time was identified as research, and that the remaining 13 hours attributed to drafting the motion were excessive. Defendants state the lodestar calculation should be reduced by 10 hours. (Dkt. No. 454 at 5.)

For the filing of the first appeal, Cause No. 21-40922 (the "2021 Appeal"), Mr. Craig billed 48.9 hours and Mr. Garrigan billed 65.3 hours. (*Id.* at 6, citing Dkt. Nos. 461-2, 461-3.) For the filing of the second appeal, Cause No. 23-40546 (the "2023 Appeal"), Mr. Craig billed approximately 60.9 hours and Mr. Garrigan billed approximately 230 hours. (Dkt. No. 454 at 6, citing Dkt. Nos. 461-2, 461-3.) Defendants do not provide specific numbers by which they assert the lodestar calculation should be reduced for each of these appeals, but they assert that these hours are too high and the Court should adjust the lodestar downward for both appeals. For the 2021 Appeal, Defendants merely state that "[o]ver 110 hours are attributed to the first brief," which they assert is excessive. (Dkt. No. 454 at 6.) For the 2023 Appeal, Defendants point out that the work billed, which exceeded 290 hours, adds up to over seven 40-hour work weeks. (*Id.*) Defendants argue this is excessive because some of the issues addressed in the 2023 Appeal overlapped with the previously addressed issues from the 2021 Appeal and because the single dispositive issue in

the 2023 Appeal (the failure to give class notice) "could have been presented by Plaintiffs' counsel prior to appealing this Court's order but was not." (*Id*.)

Defendants finally provide the blanket objection that "[t]he City is certain other time entries represent excessive work but the above mentioned are the most apparent tasks." (Dkt. No. 454 at 6.)

The Court is in agreement with Defendants' objections regarding the hours billed for the Fourth and Fifth Fees Motions. Accordingly, the lodestar is reduced by 45 hours for the Fourth Fees Motion, attributing 7.8 of the remaining 9.1 hours to Mr. Garrigan and 1.3 hours to Mr. Craig in keeping with the proportion of work attributed to each of them in their original billing. Similarly, the lodestar is reduced by 22 hours for the Fifth Fees Motion. The Court additionally agrees with Defendants' objection regarding the three-page Motion to Amend Order Denying Attorney's Fees, and reduces the lodestar by 10 hours with respect to the time Mr. Craig billed for work on the same.

Regarding the 2021 Appeal, Mr. Garrigan states in his affidavit that the work he completed was "time-consuming," and that "the corresponding Record on Appeal required supplementation over a few months." (Dkt. No. 461-2 at 3.) Mr. Craig states that he was "heavily involved" in the 2021 Appeal and "had a significant role" in the briefing process. (Dkt. No. 461-3 at 2.) In reviewing the hours expended by Mr. Craig on the 2021 Appeal, the Court finds that the 48.9 hours attributed to the work are reasonable. In reviewing the hours worked by Mr. Garrigan, the Court finds that many of the hours are reasonable, but that 35.5 hours all attributed to nebulously-described items listed under variations of the line "draft, research, revise for fee appeal reply" are excessive. (*See* Dkt. No. 461-2 at 12.) This is so particularly given that Mr. Garrigan's only mention of this briefing in his affidavit was to say that "our Reply was then initially filed in early

11

June, 2022," despite his time spent on the reply brief comprising more than half of his time billed for the 2021 Appeal. (*Id.* at 3.) Accordingly, the Court finds a reduction of 15 hours to the lodestar to be reasonable.

The 2023 Appeal accounts for the bulk of the time expended by both attorneys. Plaintiffs' attorneys provided all briefing from the 2023 Appeal, which total 105 pages (of which approximately 67 pages are comprised of substantive briefing written by Plaintiffs' attorneys). While this is indeed a significant amount of briefing, spanning many issues, Defendants' assertions that the approximately 291 hours billed across both Plaintiffs' attorneys indeed appears excessive where it amounts over seven weeks of 40-hour work weeks on the briefing for a single motion that shared some overlapping issues with the 2021 Appeal, which the attorneys had themselves researched and written and were intimately familiar with. As such, the Court finds that a reduction of 20 percentage points in time billed for work on the 2023 Appeal is reasonable.

Additionally, the Court is aware that Plaintiffs' counsel, Defendants' counsel, and the Court itself all share in the blame for the necessity of the 2023 Appeal in the first place, given that none of these three parties identified or raised the class notice requirement. Given this shared posture, the Court finds that a further 33.3 percentage point reduction in time billed for work on the 2023 Appeal is appropriate.[5]

Finally, the Court declines to add the requested "additional 20-30 hours of Mr. Garrigan's time… to wind down this case." (Dkt. No. 453 at 2.) The Court is in agreement with Defendants that "[t]here is no litigation to wind down." (Dkt. No. 454 at 3.) The only task which remained for Plaintiffs' attorneys at the time of the filing of the Fifth Fees Motion was to revise their affidavits

---

[5] In total, the time billed for the 2023 Appeal is reduced by 53.3%. This brings Mr. Garrigan's time billed from 230 hours to 107.4 hours, and Mr. Craig's time billed from 60.9 hours to 28.4 hours.

12

and compile billing records for their submission as "adversary materials"—evidence which should have been included alongside the Fifth Fees Motion to begin with.

### iii. The *Johnson* Factors

The Court may adjust the lodestar upward or downward if the *Johnson* factors warrant such an adjustment, "though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983). "There is a 'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 507 U.S. 557, 562 (1992) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). The Court does not find any reason to reject such a strong presumption here and declines to adjust the lodestar upward or downward.

### iv. Determination of Fees and Costs

The calculation of fees awarded in relation to the Fifth Fees Motion is awarded as follows:

| Interim Period | Fee Biller or Expense | Time | Rate | Total |
|---|---|---|---|---|
| January 1, 2021 to Present | Mr. Timothy Garrigan | 393.3 hours[6] | $500/hour | $196,650 |
| | Mr. David Craig | 238.4 hours[7] | $350/hour | $83,440 |
| | | | **TOTAL** | $280,090 |

---

[6] Mr. Garrigan originally submitted bills for 565 hours of time. The Court adjusted this figure down by 38.8 hours for work performed on the Fourth Fees Motion, 15 hours for work performed on the 2021 Appeal, and 122.6 hours for work performed on the 2023 Appeal to arrive at this 388.6 hour figure.

[7] Mr. Garrigan originally submitted bills for 310 hours of time. The Court adjusted this figure down by 6.2 hours for work performed on the Fourth Fee Motion, 22 hours for work performed on the Fifth Fees Motion, 10 hours for work performed on the Motion to Amend Order Denying Attorney's Fees, and 32.5 hours for work performed on the 2023 Appeal to arrive at this 261.3 hour figure.

## IV. CONCLUSION

Accordingly, the Court **GRANTS-AS-MODIFIED** Plaintiffs' Contested Motion for Award of Interim Attorneys' Fees and Costs Incurred During the Fee Period from April 1 Through December 31, 2020 (Dkt. No. 415) and Plaintiffs' Opposed Motion for Award of Interim Attorneys' Fees Incurred from January 1, 2021 Through the Filing of this Motion Including an Estimate of Fees Required to Fully Close Out this Litigation and Request for Opportunity to Present Adversarial Materials (Dkt. No. 453). The Plaintiffs are hereby awarded a sum of $296,110[8] in fees, to be paid by the City Defendants, *instanter*. The Clerk of Court is directed to **CLOSE** the above-captioned case as the Consent Decree terminated in July 2020 and no parties or claims remain. Any outstanding claims or requests for relief not addressed herein are **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 12th day of December, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[8] This figure derived from the $16,020.00 figure awarded for the Fourth Fees Motion (Dkt. No. 415) and the $280,090 figure awarded for the Fifth Fees Motion (Dkt. No. 453).