**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JAMES MORROW, STEPHEN STUART WATSON, AMANEE BUSBY, YUSELFF DISMUKES, LINDA DORMAN, MARVIN PEARSON, JENNIFER BOATWRIGHT, RONALD HENDERSON, JAVIER FLORES, and WILLIAM FLORES, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF TENAHA DEPUTY CITY MARSHAL BARRY WASHINGTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CITY OF TENAHA MAYOR, SHELBY COUNTY DISTRICT ATTORNEYS OFFICE, SHELBY COUNTY PRECINCT 4 CONSTABLE RANDY WHATLEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SHELBY COUNTY DISTRICT ATTORNEY INVESTIGATOR DANNY GREEN, IN HIS INDIVIDUAL CAPACITY ONLY; and SHELBY COUNTY, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 2:08-CV-00288-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Plaintiffs' Rule 59 Motion to Reconsider and Amend the Memorandum Opinion and Order and Order Regarding Plaintiffs' Opposed Motion for Attorney Fees (Dkt. No. 463) (the "Motion"). (Dkt. No. 464.) Having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

## I.    BACKGROUND

On July 24, 2008, Plaintiff James Morrow and a proposed class of others similarly situated ("Plaintiffs") filed suit against Defendants City of Tenaha Deputy City Marshal Barry Washington, City of Tenaha Mayor,[1] Shelby County District Attorneys Office, Shelby County Precinct 4 Constable Randy Whatley, Shelby County District Attorney Investigator Danny Green, and Shelby County[2] (collectively, the "Defendants") under 42 U.S.C. § 1983, alleging that Defendants' actions violated the Fourth Amendment's prohibition against unreasonable searches and seizures and the Fourteenth Amendment's Equal Protection Clause. (Dkt. No. 1; Dkt. No. 111 at 1–2.)

The Parties ultimately negotiated a settlement agreement consisting primarily of a consent decree, which required Defendants to follow detailed and monitored procedures for a period of years to ensure that Defendants' future policing practices did not result in the same or similar illegal traffic stops, detentions, searches, and seizures alleged in the lawsuit ("the Consent Decree"). (Dkt. No. 278–1, Ex. A). Over the course of this case, Plaintiffs have filed four motions seeking the recovery of attorneys' fees and expenses incurred in connection with the enforcement of the Consent Decree, and a fifth motion seeking the recovery of attorneys' fees and expenses incurred in appeals and other litigation events in this case. The Court previously granted Plaintiffs' Motion for an Award of Interim Attorneys' Fees and Expenses for the Period of September 10, 2013 to August 31, 2016. (Dkt. No. 328.) As a part thereof, Plaintiffs were awarded $35,339.94 in attorneys' fees and expenses. (*Id*.) Plaintiffs also sought attorneys' fees and expenses for the period from September 2016 through April 2019 (Dkt. No. 364), as well as for the period of May 1, 2019

---

[1] Defendants City of Tenaha Deputy City Marshal Barry Washington and the City of Tenaha Mayor shall be referred to as the "City Defendants."

[2] Defendants Shelby County District Attorneys Office, Shelby County Precinct 4 Constable Randy Whatley, Shelby County District Attorney Investigator Danny Green, and Shelby County shall be referred to as the "County Defendants."

through March 31, 2020. (Dkt. No. 382.) The Court granted, in part, those motions and awarded Plaintiffs an additional $289,433.96 in attorneys' fees and expenses. (Dkt. No. 410.) Plaintiffs subsequently filed their Fourth Fees Motion on March 17, 2021 seeking the recovery of $88,553.33 in attorneys' fees. (Dkt. No. 415.) The Court previously granted as modified the Fourth Fees Motion. (Dkt. No. 440.) However, the Fifth Circuit vacated that decision and remanded it for further proceedings consistent with their opinion. (Dkt. No. 449-2.) The Court took up both the Fourth and Fifth Fees Motions together, granting them as modified and awarding $16,020.00 pursuant to the Fourth Fees Motion and $280,090.00 pursuant to the Fifth Fees Motion. (Dkt. No. 463.) Plaintiffs now ask the Court to reconsider its Order at Dkt. No. 463. (Dkt. No. 464.)

## II.    LEGAL AUTHORITY

Under Rule 59(e), a party can move the Court to amend an order or judgment within 28 days of entry. FED R. CIV. P. 59(e). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (internal citations omitted). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citations omitted). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

### III.    ANALYSIS

Plaintiffs put forth four bases on which it asserts the Court has made "clear legal errors" it wishes the Court to reconsider: (1) the reduction in the fee award related to Plaintiffs' 2023 fee appeal, (2) the denial of fees for hours expended by Plaintiff's counsel after the fee motion was filed, (3) the Court maintaining its previous fee award for the Fourth Fee Motion, and (4) purported "typographical and mathematical errors." (Dkt. No. 464.) Defendants respond that "[s]hould the Court reconsider its award of fees," they instead request that "the Court apply a *downward* adjustment based upon the application of the Johnson factors." (Dkt. No. 465 at 1 (emphasis added).)

Upon reconsideration of the Court's previous ruling, the Court finds that there is no manifest error of law or fact that requires an upward or downward adjustment to the fee awards previously granted by this Court. Regarding the first two issues raised by Plaintiffs, the Court finds that it properly exercised its discretion and explained its reasoning for adjusting the fee award as it did. Regarding the award on the Fourth Fees Motion, the Court finds no error in the number it previously determined in its initial order on the Fourth Fees Motion (Dkt. No. 440), and maintains that the $16,020.00 was and is proper.[3]

Finally, there was no mathematical error in the Court's previous determination of its ultimate damages award in the Fifth Fees Motion. Plaintiffs take issue with the Court applying a 53 percentage point reduction to the number of hours billed on the 2023 Appeal, asserting that is a mathematical error. (Dkt. No. 464 at 6 ("[I]t is apparent that both the 20% and 33% reduction was

---

[3] The direction from the Fifth Circuit regarding the Fourt Fees Motion was that the Court erred in not providing adequate notice to class members prior to awarding fees as mandated by Federal Rule of Civil Procedure 23(h). (*See* Dkt. No. 449-2.) The amount of the award itself was not addressed by the Fifth Circuit, and the Court found that after providing appropriate notice, the merits of the motion remained unchanged. Such was the reasoning for retaining the same figure from the Order on the Fourth Fees Motion (Dkt. No. 440) to the subsequent Order on both the Fourth and Fifth Fees Motions. (Dkt. No. 463 at 5.) The Court finds no reason to revisit that reasoning now.

applied to the full number of hours billed rather than applying the 33% reduction to the number of hours that the Order finds were reasonably expended by the Plaintiffs on the 2023 Appeal").) However, that is exactly what the Court stated it was doing and intended to do: the Court first applied "a reduction of 20 percentage points," and then applied "a further 33.3 percentage point reduction." (Dkt. No. 463 at 12.) The Court clarified that this resulted in a total reduction of 53.3%—the mathematically correct figure. (*Id*. at 12 n.1.)

For the avoidance of any doubt, the Court reproduces its chart and calculation of the final figures for the Fifth Fees Motion here, as the prior Order includes minor discrepancies in figures caused by rounding differences presented in Plaintiffs' Fifth Fees Motion versus the actual documents shown with Plaintiffs' unrounded hours. The Court notes that such typographical corrections do not change the award amount, and apply only to the footnotes describing the Court's calculations:

| Interim Period | Fee Biller or Expense | Time | Rate | Total |
|---|---|---|---|---|
| January 1, 2021 to Present | Mr. Timothy Garrigan | 393.3 hours[4] | $500/hour | $196,650 |
| | Mr. David Craig | 238.4 hours[5] | $350/hour | $83,440 |
| | | | TOTAL | $280,090 |

Since the Court declines to reconsider the amount awarded in its prior Order (Dkt. No. 463) as requested by Plaintiffs, the Court similarly declines Defendants' invitation in its responsive briefing to "[r]econsider an additional reduction." (Dkt. No. 465 at 3.)

---

[4] Mr. Garrigan originally submitted bills for 569.7 hours of time. The Court adjusted this figure down by 38.8 hours for work performed on the Fourth Fees Motion, 15 hours for work performed on the 2021 Appeal, and 122.6 hours for work performed on the 2023 Appeal to arrive at this 393.3 hour figure.

[5] Mr. Craig originally submitted bills for 309.1 hours of time. The Court adjusted this figure down by 6.2 hours for work performed on the Fourth Fee Motion, 22 hours for work performed on the Fifth Fees Motion, 10 hours for work performed on the Motion to Amend Order Denying Attorney's Fees, and 32.5 hours for work performed on the 2023 Appeal to arrive at this 238.4 hour figure.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Reconsider (Dkt. No. 464) is **DENIED**.

**So ORDERED and SIGNED this 27th day of May, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE